Andres F. Quintana (SBN 190525)
John M. Houkom (SBN 203240)
**QUINTANA LAW GROUP**
A Professional Law Corporation
26135 Mureau Road, Suite 101
Calabasas, California 91302
Telephone: (818) 914-2100
Facsimile: (818) 914-2101
E-mail: andres@qlglaw.com
          john@qlglaw.com

Attorneys for Defendants Infinite Trading Goods, Inc., doing business as both Cellular Castle and The OEM Planet, and Pantelis Chrysafis

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>CELLULAR CASTLE, a Business Entity of Unknown Status; THE OEM PLANET, a Business Entity of Unknown Status; INFINITE TRADING GOODS, INC., a New York Corporation; PANTELIS CHRYSAFIS, an Individual; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. CV12-4238 PA (MRWx)<br>Complaint filed: May 15, 2012<br>First Amended Complaint filed: May 24, 2012<br><br>**DEFENDANTS INFINITE TRADING GOODS, INC., DOING BUSINESS AS BOTH CELLULAR CASTLE AND THE OEM PLANET, AND PANTELIS CHRYSAFIS'S ANSWER TO THE FIRST AMENDED COMPLAINT** |

Defendants Infinite Trading Goods, Inc., doing business as both Cellular Castle and The OEM Planet ("Infinite Trading Goods"), and Pantelis Chrysafis ("Chrysafis," or collectively with Infinite Trading Goods, the "Defendants") hereby answer the First Amended Complaint ("FAC") of Plaintiff Otter Products, LLC, and aver as follows:

1. Paragraph 1 contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 1 are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 1 of the FAC, and on that basis, deny them.

2. Paragraph 2 contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 2 are not conclusions, Defendants Infinite Trading Goods and Chrysafis state that Cellular Castle is a "dba" of Infinite Trading Goods with a principal place of business located at 1535 156th Street Suite 1A, College Point, New York 11356. As to all other allegations in Paragraph 2 which are not legal conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations, and on that basis, deny them.

3. Paragraph 3 contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 3 are not conclusions, Defendants Infinite Trading Goods and Chrysafis state that The OEM Planet is a "dba" of Infinite Trading Goods with a principal place of business located at 1535 156th Street Suite 1A, College Point, New York 11356. As to all other allegations in Paragraph 3 which are not legal conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations, and on that basis, deny them.

4. Paragraph 4 contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions

of Paragraph 4 are not conclusions, Defendants Infinite Trading Goods and Chrysafis state that Infinite Trading Goods is a New York corporation with a principal place of business located at 1535 156th Street Suite 1A, College Point, New York 11356. As to all other allegations in Paragraph 4 which are not legal conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations, and on that basis, deny them.

5.     Defendants Infinite Trading Goods and Chrysafis admit that Chrysafis resides in Fresh Meadows, New York, and will state nothing further on the subject of his home address, because, pursuant to Local Rule 5.2-1, full home addresses may not be included in a public court filing ("the filer shall ensure that any document that contains a home address shall include only the city and state"). *See* Local Rule 5.2-1.

6.     Paragraph 6 contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 6 are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 6 of the FAC, and on that basis, deny them.

7.     Paragraph 7 contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 7 are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 7 of the FAC, and on that basis, deny them.

8.     Second Paragraph 5 [sic, Paragraph 8, based on numerical sequence]. The FAC contains two paragraphs numbered "5". With regards to the second Paragraph 5 [sic, Paragraph 8], that Paragraph contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of the second Paragraph 5 [sic, Paragraph 8] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or

belief sufficient to admit or deny the allegations of the second Paragraph 5 [sic, Paragraph 8] of the FAC, and on that basis, deny them.

9. Second Paragraph 6 [sic, Paragraph 9, based on numerical sequence]. The FAC contains two paragraphs numbered "6". With regards to the second Paragraph 6, that Paragraph contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of the second Paragraph 6 [sic, Paragraph 9, based on numerical sequence] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of the second Paragraph 6 [sic, Paragraph 9] of the FAC, and on that basis, deny them.

10. Second Paragraph 7 [sic, Paragraph 10, based on numerical sequence]. The FAC contains two paragraphs numbered "7". With regards to the second Paragraph 7, that Paragraph contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of the second Paragraph 7 [sic, Paragraph 10, based on numerical sequence] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of the second Paragraph 7 [sic, Paragraph 10] of the FAC, and on that basis, deny them.

11. Paragraph 8 [sic, Paragraph 11, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 8 [sic, Paragraph 11] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 8 [sic, Paragraph 11] of the FAC, and on that basis, deny them.

12. Paragraph 9 [sic, Paragraph 12, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 9 [sic, Paragraph 12] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack

information or belief sufficient to admit or deny the allegations of Paragraph 9 [sic, Paragraph 12] of the FAC, and on that basis, deny them.

13. Paragraph 10 [sic, Paragraph 13, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 10 [sic, Paragraph 13] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 10 [sic, Paragraph 13] of the FAC, and on that basis, deny them.

14. Paragraph 11 [sic, Paragraph 14, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 11 [sic, Paragraph 14] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 11 [sic, Paragraph 14] of the FAC, and on that basis, deny them.

15. Paragraph 12 [sic, Paragraph 15, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 12 [sic, Paragraph 15] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 12 [sic, Paragraph 15] of the FAC, and on that basis, deny them.

16. Paragraph 13 [sic, Paragraph 16, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 13 [sic, Paragraph 16] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 13 [sic, Paragraph 16] of the FAC, and on that basis, deny them.

17. Paragraph 14 [sic, Paragraph 17, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite

Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 14 [sic, Paragraph 17] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 14 [sic, Paragraph 17] of the FAC, and on that basis, deny them.

18. Paragraph 15 [sic, Paragraph 18, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 15 [sic, Paragraph 18] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 15 [sic, Paragraph 18] of the FAC, and on that basis, deny them.

19. Paragraph 16 [sic, Paragraph 19, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 16 [sic, Paragraph 19] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 16 [sic, Paragraph 19] of the FAC, and on that basis, deny them.

20. Paragraph 17 [sic, Paragraph 20, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 17 [sic, Paragraph 20] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 17 [sic, Paragraph 20] of the FAC, and on that basis, deny them.

21. Paragraph 18 [sic, Paragraph 21, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 18 [sic, Paragraph 21] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 18 [sic, Paragraph 21] of the FAC, and on that basis, deny them.

22. Paragraph 19 [sic, Paragraph 22, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 19 [sic, Paragraph 22] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 19 [sic, Paragraph 22] of the FAC, and on that basis, deny them.

23. Paragraph 20 [sic, Paragraph 23, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 20 [sic, Paragraph 23] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 20 [sic, Paragraph 23] of the FAC, and on that basis, deny them.

24. Paragraph 21 [sic, Paragraph 24, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 21 [sic, Paragraph 24] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 21 [sic, Paragraph 24] of the FAC, and on that basis, deny them.

25. Paragraph 22 [sic, Paragraph 25, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 22 [sic, Paragraph 25] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 22 [sic, Paragraph 25] of the FAC, and on that basis, deny them.

26. Paragraph 23 [sic, Paragraph 26, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 23 [sic, Paragraph 26] are not conclusions, Defendants Infinite Trading Goods and

Quintana Law
Group, APC

Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 23 [sic, Paragraph 26] of the FAC, and on that basis, deny them.

27. Paragraph 24 [sic, Paragraph 27, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 24 [sic, Paragraph 27] are not conclusions, Defendants Infinite Trading Goods and Chrysafis respond as follows: Defendant Infinite Trading Goods operates a storefront on eBay.com under the username "cellular_castle." As to the remaining allegations in Paragraph 24 [sic, Paragraph 27], Defendants Infinite Trading Goods or Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 24 [sic, Paragraph 27] of the FAC, and on that basis, deny them.

28. Paragraph 25 [sic, Paragraph 28, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 25 [sic, Paragraph 28] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 25 [sic, Paragraph 28] of the FAC, and on that basis, deny them.

29. Paragraph 26 [sic, Paragraph 29, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 26 [sic, Paragraph 29] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 26 [sic, Paragraph 29] of the FAC, and on that basis, deny them.

30. Paragraph 27 [sic, Paragraph 30, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 27 [sic, Paragraph 30] are not conclusions, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of

Paragraph 27 [sic, Paragraph 30] of the FAC, and on that basis, deny them.

31. Paragraph 28 [sic, Paragraph 31, based on numerical sequence] contains only legal conclusions for which no response by Defendants Infinite Trading Goods or Chrysafis is necessary. To the extent portions of Paragraph 28 [sic, Paragraph 31] are not conclusions, Defendants Infinite Trading Goods and Chrysafis respond as follows: (a) the ebay@theoemworld.com email address is affiliated with "cellular_castle", (b) the website www.theoemworld.com is a domain name registered to Chrysafis, (c) documents from the New York Department of State speak for themselves, and (d) Chrysafis is the Chief Executive Officer of Infinite Trading Goods. As to the remaining allegations in Paragraph 28 [sic, Paragraph 31], Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the allegations of Paragraph 28 [sic, Paragraph 31] of the FAC, and on that basis, deny them.

32. As to all allegations in the FAC which are not expressly admitted or denied in Paragraphs 1 through 28 [sic, Paragraph 1 through 31], *supra*, by Defendants Infinite Trading Goods or Chrysafis, Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny those allegations, and on that basis, deny them.

33. The Court's copy of the FAC contains only the first eight pages, excluding the exhibits, which provided only Paragraphs 1 through 28 [sic, Paragraphs 1 through 31]. Thus, Defendants Infinite Trading Goods and Chrysafis have only responded to that version of the FAC on file with the Court. If there are additional paragraphs in the FAC (*i.e.*, beyond Paragraphs 1 through 28 [sic, Paragraphs 1 through 31]), Defendants Infinite Trading Goods and Chrysafis lack information or belief sufficient to admit or deny the remaining allegations of the FAC, and on that basis, deny them.

///

///

# DEFENDANTS INFINITE TRADING GOODS AND CHRYSAFIS'S AFFIRMATIVE DEFENSES

Defendants Infinite Trading Goods and Chrysafis assert the following Affirmative Defenses, without assuming the burden of proof when such burden would otherwise be on Plaintiff.

### First Affirmative Defense

1. On information and belief, the FAC, and the cause(s) of action alleged against Defendants Infinite Trading Goods and Chrysafis therein, fails to state facts sufficient to constitute a cause of action against Defendants Infinite Trading Goods or Chrysafis and/or to entitle Plaintiff to the relief it seeks.

### Second Affirmative Defense

2. On information and belief, Plaintiff's claim for relief is barred in whole or in part because Plaintiff's would be unjustly enriched if it recovered any damages or relief from Defendants Infinite Trading Goods or Chrysafis.

### Third Affirmative Defense

3. On information and belief, the FAC, and the cause of action alleged against Defendants Infinite Trading Goods and Chrysafis therein, is barred, in whole or in part, by the doctrines of consent, estoppel, acquiescence, and/or waiver.

### Fourth Affirmative Defense

4. On information and belief, the FAC, and the cause of action alleged against Defendants Infinite Trading Goods and Chrysafis therein, is barred in whole or in part by the doctrine of unclean hands.

### Fifth Affirmative Defense

5. On information and belief, the FAC, and the cause of action against Defendants Infinite Trading Goods and Chrysafis alleged therein, is barred in whole or in part by the Plaintiff's failure to fulfill its duty to mitigate the damages allegedly suffered.

### Sixth Affirmative Defense

6. On information and belief, the FAC, and the cause of action against Defendants Infinite Trading Goods and Chrysafis alleged therein, is barred in whole or in part by the doctrine of fair use.

### Seventh Affirmative Defense

7. If the conduct of Defendants Infinite Trading Goods and Chrysafis were found to constitute infringement of the Plaintiff's rights, Defendants Infinite Trading Goods and Chrysafis are innocent infringers, and the Plaintiff's damages, if any, were caused in whole or in part, by the conduct of third parties.

### Eighth Affirmative Defense

8. Plaintiff is barred from obtaining any relief sought in the FAC because it is misusing its intellectual property rights, if any, by unreasonably and unlawfully attempting to enforce them beyond the scope of such rights.

### Ninth Affirmative Defense

9. Plaintiff is barred from obtaining any relief sought in the FAC under the First Sale Doctrine.

### Tenth Affirmative Defense

10. On information and belief, Defendants Infinite Trading Goods and Chrysafis are entitled to indemnification and contribution from other parties in connection with claims asserted by Plaintiff.

### Eleventh Affirmative Defense

11. On information and belief, the FAC, and the allegations made against Defendants Infinite Trading Goods and Chrysafis therein, fail to describe any claims made against Defendants Infinite Trading Goods and Chrysafis with sufficient particularity to enable Defendants Infinite Trading Goods or Chrysafis to determine what defenses they may have in response to Plaintiff's claims. Defendants Infinite Trading Goods and Chrysafis therefore reserve the right to assert all defenses which may be pertinent to Plaintiff's claims once the precise nature of such claims are

Quintana Law Group, APC

11

ascertained through discovery and investigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants Infinite Trading Goods and Chrysafis pray for the following relief:

1. That Plaintiff's FAC be dismissed with prejudice, and that Plaintiff's request for damages and other relief be denied in full;

2. That Defendants Infinite Trading Goods and Chrysafis be awarded their attorneys' fees, costs and expenses in this action, pursuant applicable law; and

3. Any further relief as this Court may deem fair and just.

DATED: July 27, 2012              QUINTANA LAW GROUP
                                  A Professional Law Corporation


                                  By:   /s/ Andres F. Quintana
                                  _____
                                  Andres F. Quintana, Esq.
                                  John M. Houkom, Esq.
                                  Attorneys for Defendants Infinite Trading Goods, Inc., doing business as both Cellular Castle and The OEM Planet, and Pantelis Chrysafis

## DEMAND FOR JURY TRIAL

Defendants Infinite Trading Goods and Chrysafis each respectfully request a trial by jury on all issues so triable.

DATED: July 27, 2012         QUINTANA LAW GROUP
                             A Professional Law Corporation


                             By:   /s/ Andres F. Quintana
                             _____
                             Andres F. Quintana, Esq.
                             John M. Houkom, Esq.
                             Attorneys for Defendants Infinite Trading Goods, Inc., doing business as both Cellular Castle and The OEM Planet, and Pantelis Chrysafis

## RESERVATION OF RIGHTS

Defendants Infinite Trading Goods and Chrysafis each reserve their right to amend this answer, to assert additional defenses that may be developed during discovery in this action, and to file a counterclaim, as appropriate.

DATED: July 27, 2012         QUINTANA LAW GROUP
                             A Professional Law Corporation


                             By:   /s/ Andres F. Quintana
                             _____
                             Andres F. Quintana, Esq.
                             John M. Houkom, Esq.
                             Attorneys for Defendants Infinite Trading Goods, Inc., doing business as both Cellular Castle and The OEM Planet, and Pantelis Chrysafis