1  JOHNSON & PHAM, LLP
   Christopher D. Johnson, SBN: 222698
2        E-mail: cjohnson@johnsonpham.com
3  Christopher Q. Pham, SBN: 206697
         E-mail: cpham@johnsonpham.com
4  Marcus F. Chaney, SBN: 245227
5        E-mail: mchaney@johnsonpham.com
   Ani S. Garibyan, SBN: 274846
6        E-mail: agaribyan@johnsonpham.com
7  6355 Topanga Canyon Boulevard, Suite 326
   Woodland Hills, California 91367
8  Telephone:  (818) 888-7540
9  Facsimile:   (818) 888-7544
10
   Attorneys for Plaintiff
11 OTTER PRODUCTS, LLC
12
13
14             UNITED STATES DISTRICT COURT
15             CENTRAL DISTRICT OF CALIFORNIA
16

| | |
|---|---|
| OTTER PRODUCTS, LLC, a Colorado Limited Liability Company, | Case No.:  CV12-4238 PA (MRWx) |
| Plaintiff, | **JUDGMENT AND PERMANENT INJUNCTION ORDER AGAINST DEFENDANT INFINITE TRADING GOODS, INC. DOING BUSINESS AS BOTH CELLULAR CASTLE AND THE OEM PLANET** |
| v. | |
| CELLULAR CASTLE, a Business Entity of Unknown Status; THE OEM PLANET, a Business Entity of Unknown Status; INFINITE TRADING GOODS, INC., a New York Corporation; PANTELIS CHRYSAFIS, an Individual; and DOES 1-10, Inclusive, | |
| Defendants. | |

1    Having reviewed the Stipulated Judgment and Entry of Permanent
2 Injunction entered into between Plaintiff OTTER PRODUCTS, LLC
3 ("OTTERBOX") and INFINITE TRADING GOODS, INC. doing business as both
4 CELLULAR CASTLE and THE OEM PLANET (hereinafter "INFINITE"), and
5 good cause appearing, the Court hereby finds as follows:

6    a.  WHEREAS OTTERBOX is the owner of numerous
7 trademarks which it uses in connection with the manufacture, distribution, sale
8 and promotion of a wide range of products, including high-quality protective
9 cases, peripherals and accessories for portable electronic devices and computers.
10 Plaintiff owns all rights in and to a family of federally registered trademarks
11 which include the following, among others (collectively, "OTTERBOX's
12 Registered Marks"):

| **Trademark** | **Reg. No.** | **Reg. Date** |
|---|---|---|
| OTTER BOX | 2287619 | October 19, 1999 |
| [DESIGN MARK] | 3791318 | May 18, 2010 |
| OTTER BOX | 3788535 | May 11, 2010 |
| OTTERBOX | 3788534 | May 11, 2010 |
| WE'VE GOT TECHNOLOGY COVERED | 3865367 | October 19, 2010 |
| DEFENDER SERIES | 3623789 | May 19, 2009 |
| STRENGTH | 4079672 | January 3, 2012 |
| COMMUTER SERIES | 3963182 | May 17, 2011 |
| COMMUTER | 3791317 | May 18, 2010 |
| IMPACT SERIES | 3795187 | March 10, 2010 |
| REFLEX ZONE | 4111433 | March 13, 2012 |
| REFLEX SERIES | 3972039 | May 31, 2011 |
| UTILITY SERIES | 4064940 | November 29, 2011 |
| ARMOR SERIES | 3632231 | June 2, 2009 |

| | | |
|---|---|---|
| PINK IS STRENGTH! | 4053182 | November 8, 2011 |
| OTTERCARES | 4101071 | February 21, 2012 |
| [DESIGN MARK] | 4116998 | March 27, 2012 |

2. WHEREAS OTTERBOX also has numerous pending trademarks with the United States Patent and Trademark Office. The serial numbers of Plaintiff's pending trademarks are as follows: 85416877; 85456430; 85458259; 85462689; 85483745; 85505980; 85576166; 85531307; 85505993; 85505986; 85505999; 85428337; 85288182; 85288187 and 85342514.

3. WHEREAS on May 24, 2012, OTTERBOX filed a lawsuit against INFINITE in the case entitled, *Otter Products, LLC v. Cellular Castle, et al.,* Case No. CV12-04238 PA (MRWx) ("Action") against INFINITE alleging causes of action under §32(1) of the Lanham Act (15 U.S.C. §1114(1)) for infringement of federally registered trademarks, under §43(c) of the Lanham Act (15 U.S.C. 1125(c)) and California Business & Professions Code § 14247 for dilution of federally registered and common law trademarks, under §43(a) of the Lanham Act (15 U.S.C. §1125(a)) for unfair competition, and under the statutory and common law of the State of California to enjoin INFINITE's alleged current and prospective infringement and dilution of the OTTERBOX's Marks and unfair competition, and to recover monetary damages resulting from those actions.

4. WHEREAS after reviewing the papers and evidentiary support provided to INFINITE, INFINITE has agreed to stipulate to the instant judgment and the issuance of a permanent injunction with respect to matters referenced in this Stipulation.

5. WHEREAS the parties expressly waive any findings of fact, conclusions of law, statement of decision and any right to notice or right to be heard in any matter in connection with or arising out of the filing, rendition or entry of the Permanent Injunction Order on this Stipulation for Entry of Permanent Injunction, provided however, that no such waiver shall be deemed to exist insofar

as damages are concerned, it being agreed that Defendants may offer proof in defense of Plaintiff's claims for damages.

6. WHEREAS the parties agree that the permanent injunction shall remain in full force and effect through the final disposition of this action and that any right to set aside the permanent injunction, appeal therefrom or to otherwise attack its validity is hereby waived; provided however, that no such waiver shall be deemed to exist insofar as damages are concerned, it being agreed that INFINITE may offer proof in defense of Plaintiff's claims for damages.

NOW THEREFORE, IT IS HEREBY ORDERED THAT INFINITE and its agents, employees, officers, directors, owners, attorneys, representatives, successor companies, related companies, and all persona acting in concert or participation with it, and each of them, are, through the final disposition of this action, PERMANENT ENJOINED from:

a. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit OTTERBOX® product identified in the First Amended Complaint and any other infringing product bearing OTTERBOX's Registered Marks (including any non-genuine reproduction, counterfeit, copy or colorable imitation thereof).

b. The import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, shipment, licensing, development, display, delivery, marketing, advertising or promotion of the infringing and diluting product identified in the First Amended Complaint and any other products which are infringing upon OTTERBOX's Registered Marks.

c. The unauthorized use, in any manner whatsoever, of any OTTERBOX's trademarks at issue in the First Amended Complaint, and any other

infringing product bearing OTTERBOX's Registered Marks, including any non-genuine reproduction, counterfeit, copy, colorable imitation, variants, translations and/or simulations thereof and/or any items that are confusingly similar thereto, including specifically:

      i.    on or in conjunction with any product or service; and

      ii.    on or in conjunction with any advertising, promotional materials, labels, hangtags, packaging, or containers.

    d.    The use of any trademark that falsely represents, or is likely to confuse, mislead or deceive purchasers, customers, or members of the public to believe that unauthorized product imported, exported, manufactured, reproduced, distributed, assembled, acquired, purchased, offered, sold, transferred, brokered, consigned, distributed, stored, shipped, marketed, advertised and/or promoted by INFINITE originates from OTTERBOX, or that said merchandise has been sponsored, approved, licensed by, or associated with OTTERBOX or is, in some way, connected or affiliated with OTTERBOX.

    e.    Engaging in any conduct that falsely represents that, or is likely to confuse, mislead, or deceive purchasers, customers, or members of the public to believe that INFINITE is connected with, or are in some way sponsored by or affiliated with OTTERBOX purchases product from or otherwise has a business relationship with OTTERBOX.

    f.    Affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods, a false description or representation, including words or symbols, tending to falsely describe or represent such goods as being those of OTTERBOX.

    g.    Hiding, disposing of, destroying, moving, relocating or transferring any and all products, advertising, promotional materials, labels, hangtags, packaging or containers bearing any of OTTERBOX's Marks, except as forfeiture to either OTTERBOX and/or its counsel of record, Johnson & Pham, LLP; and/or

h. Disposing of, destroying, moving, relocating or transferring any documents or things, including electronic records, for two (2) years following the entry of this Stipulation, pertaining to the purchase, procurement, development, making, manufacture, use, display, advertisement, marketing, licensing, sale, offer for sale, distribution, shipping, or delivery of any products or services bearing any OTTERBOX's Marks or which otherwise refer or relate to OTTERBOX or any of OTTERBOX's Marks.

7. This Judgment and Permanent Injunction shall be deemed to have been served upon INFINITE at the time of its execution by the Court.

8. The Court finds there is no just reason for delay in entering this Judgment and Permanent Injunction and, pursuant to Rule 54(a) of the *Federal Rules of Civil Procedure*, the Court directs immediate entry of this Judgment, and Permanent Injunction against INFINITE.

9. INFINITE agrees to the entry of a monetary judgment in the amount of One Million Dollars ($1,000,000.00) against INFINITE and in favor of OTTERBOX.

10. No appeals shall be taken from this Judgment and Permanent Injunction, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Judgment and Permanent Injunction herein.

11. Each party shall bear its own attorneys' fees and costs incurred in this matter. However, in the event of breach of this Permanent Injunction by INFINITE, OTTERBOX shall recover all attorneys' fees and costs incurred in seeking enforcement of this Judgment and Permanent Injunction.

IT IS SO ORDERED.

DATED: May 10, 2013

Hon. Percy Anderson
United States District Court Judge

**JUDGMENT AND PERMANENT INJUNCTION ORDER AGAINST DEFENDANT INFINITE TRADING GOODS, INC.**